# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATTAR SHANKO,<br><br>                Petitioner,<br><br>v.<br><br>I.C.E.,<br><br>                Respondent. | Case No.: 19cv1726 LAB (JLB)<br><br>**ORDER OF DISMISSAL** |

     Petitioner Sattar Shanko, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has been granted leave to proceed in forma pauperis. The Court is required to screen his petition under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b), and to dismiss it to the extent it fails to state a claim. The Court is also required to raise and address jurisdictional issues *sua sponte*. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). The petition consists of one page, to which Shanko has attached a letter dated August 13, 2019 that he addressed to his deportation officer.

     Although Shanko is in state custody, his petition concerns restrictions the U.S. government has imposed on him, apparently as conditions of his release from custody until it can obtain appropriate documents permitting him to return to his home country of Iraq. Because the government has been unsuccessful for so long, he believes he will never be

returned. According to the petition, he is required to report once or twice a year to ICE. Whenever he is arrested and jailed for any reason, he says ICE picks him up after his release and detains him for 90 more days. He is not challenging a particular 90-day detention, however. It is not clear under what terms Shanko was released from custody, *e.g.*, whether he posted a bond or what conditions he is subject to.

According to the letter, Shanko was ordered deported in 2001 following an unspecified non-violent criminal conviction. In the letter, he says he regrets signing documents agreeing to voluntarily return to Iraq, and now wants to stay in the U.S. The letter implies that in the interim, Shanko took no steps to appeal or collaterally attack the removal order, his agreement to depart voluntarily, or the conditions imposed on him while he awaits voluntary departure.

Federal courts have jurisdiction to consider habeas petitions brought by persons in custody. *See Williamson v. Gregoire* 151 F.3d 1180, 1182 (9th Cir. 1998) ("in custody" requirement is jurisdictional). The restriction of being required to report periodically and being subject to detention if he fails to comply with the conditions of release satisfies this requirement.[1] *See Hensley v. Municipal Court*, 411 U.S. 345 (1973) (prisoner released on his own recognizance was "in custody" for purposes of habeas jurisdiction); *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (restrictions including mandatory reporting to parole officer amounted to custody). It isn't fully clear what Shanko wants, but it is clear he is seeking release from some kind of custody.

For multiple reasons it is clear the Court cannot review either the order of removal or the discretionary decision to release Shanko on bond or conditional parole. 8 U.S.C. §§ 1226(e), 1252(a)(5), 1252(d)(1). Shanko does not say when he agreed to voluntarily depart and then was released from custody subject to the conditions he now objects to. But

---

[1] Shanko's imprisonment by the state of California on other charges would not, however, satisfy the requirement for purposes of this petition. *See Woodall v. Beauchamp*, 450 Fed. Appx. 655, 657 (9th Cir. 2011) (petitioner held in prison on charges unrelated to those his petition dealt with was not "in custody" for habeas purposes).

it is clear this happened long ago, and is therefore almost certainly time-barred. *See* 28 U.S.C. § 2255(f). Nor does the Court have authority to grant him permanent residence in the first instance. *See Mukherjee v. I.N.S.*, 793 F.2d 1006, 1010 (9th Cir. 1986).

The requirement that Shanko appear periodically before immigration officers appears to be lawful. *See In re Indefinite Detention Cases*, 82 F. Supp. 2d 1098, 1101–02 (C.D. Cal., 2000) (citing *United States v. Witkovich*, 353 U.S. 194, 199–200 (1957)). It is also possible ICE has authority to take him into custody whenever it has probable cause to believe he has violated the terms of his release (*e.g.*, by committing crimes). But the conditions as Shanko describes them do not amount to cruel and unusual punishment or torture. More importantly, because the petition focuses on the conditions of Shanko's continuing "confinement," rather than its duration, they are not cognizable on habeas review. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Because it is not entirely clear what Shanko wants or why he thinks he is entitled to it, the petition is **DISMISSED WITHOUT PREJUDICE.** If he believes he can successfully amend, he should file an amended petition by mail, no later than **May 15, 2020**. It may also be that Shanko intended to seek injunctive relief to challenge the conditions of his confinement. If so, he must file a civil rights action.

**IT IS SO ORDERED**.

DATED: April 3, 2020

Hon. Larry Alan Burns
Chief United States District Judge